# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARM STEP/EASY STREET SALES CORPORATION,<br><br>                    Plaintiffs,<br><br>    v.<br><br>RACK ROOM SHOES, INC.<br>        and<br>RACK ROOM SHOES OF VIRGINIA, LLC<br>        and<br>HEINRICH DEICHMANN-SCHUHE GmbH & Co. KG<br><br>                    Defendants. | Case No. 1:09-CV-11787-RGS<br>. |

## DEFENDANT RACK ROOM SHOES OF VIRGINIA LLC'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

NOW COMES Defendant Rack Room Shoes of Virginia, LLC ("Rack Room VA"), specially-appearing, respectfully requesting that the Court order the dismissal of each Claim for Relief against Rack Room VA contained in the Complaint filed by Plaintiff Charm Step/Easy Street Sales Corporation ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(2). Dismissal of each of these claims is necessary because Plaintiff has not established that this Court has personal jurisdiction over Rack Room VA. Rack Room VA also informs the Court that not only are the same jurisdictional bars applicable to Defendants Heinrich Deichmann-Schuhe GmH & Co. KG ("HDS"), a German Corporation, but service of a summons directed to HDS on Rack Room VA agent in North Carolina does not constitute legally cognizable service of process.

I. **FACTUAL BACKGROUND**

Plaintiff's own allegations admit that Rack Room VA is a limited liability company, organized and established under Delaware law and with its principal place of business in North Carolina. Verified Complaint ("Comp.") ¶ 3. Rack Room VA is the wholly owned subsidiary of Defendant Rack Room Shoes, Inc., a North Carolina corporation with its principal place of business in North Carolina. ¶¶ 2, 5. Plaintiffs allege that HDS is a "legal entity organized and existing under the laws of the Federal Republic of Germany" with its principal place of business in Germany. ¶ 4. Plaintiff has not alleged – indeed it cannot do so – that either Rack Room VA or HDS has engaged in any business in Massachusetts.

The only conduct in which Plaintiff alleges Rack Room VA engaged is its prosecution of trademark registrations with the United States Patent and Trademark Office for a variety of trademarks, including EASY STREET, which were to be used in connection with the sale of Deichmann shoes by Rack Room Shoes, Inc. outside the Commonwealth of Massachusetts. ¶¶ 17, 22-25, 45, 48.

Plaintiff filed its complaint in this action on October 23, 2009. During oral argument on December 7, 2009, Plaintiff represented to the Court that all parties were served on that day and presented proofs of service purporting to demonstrate that fact. While service on Rack Room VA's agent for service of process in North Carolina might be sufficient as to Rack Room VA, HDS is a German corporation with no contacts in Massachusetts and service on a related entity's agent for service of process in North Carolina cannot effectuate service recognized under United States law. *See Aro Mfg. Co. v. Automobile Body Research Corp.*, 352 F.2d 400, 403 (1st Cir. 1965) (service on related company not effective where plaintiff failed to establish one company was the agent for the other). Plaintiff, therefore, must serve the summons and complaint on HDS

1

in accordance with the tenets of the Hague Convention. Until such effective service is accomplished, Plaintiff cannot claim that HDS is subject to the jurisdiction of this Court. *See Robertson v. Railroad Labor Board*, 268 U.S. 619, 622 (1925) (personal jurisdiction over a defendant, requires either defendant's voluntary appearance or service of process of summons). When and if HDS is ever effectively served, HDS will contend that Plaintiff cannot demonstrate this Court's personal jurisdiction over a German corporation with no contacts in Massachusetts.

## II.    DISCUSSION

### A.    Standard for Motion to Dismiss under Rule 12(b)(2)

When jurisdiction is challenged by a defendant who does not reside in the forum state, the plaintiff bears the burden of establishing that personal jurisdiction is appropriate. See *KVOS, Inc. v. Assoc. Press,* 299 U.S. 269, 278 (1936) (although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995) (plaintiff bears the burden of proving the necessary jurisdictional facts). Whether a federal district court has jurisdiction over a nonresident defendant is determined by the law of the forum state. *Martel v. Stafford*, 992 F.2d 1244, 1246 (1st Cir. 1994) (applying Massachusetts law to adjudicate personal jurisdiction). The plaintiff, seeking the exercise of jurisdiction, "must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations."[1] *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936)

---

[1] Although the factual allegations set forth in a complaint are not sufficient to establish jurisdiction to defeat a motion for dismissal under Rule 12(b)(2), the allegations offered by

2

Under Massachusetts law, when a defendant challenges personal jurisdiction, the burden of proof is on plaintiff to prove the existence of personal jurisdiction under both the forum's long-arm statute and the Due Process clause of the Constitution. *Foster-Miller,* 46 F.3d at 145. In relevant part, the Massachusetts long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to the cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." M.G.L. c. 223A, § 3. In addition, personal jurisdiction must comport with due process under the United States Constitution. Constitutional due process is only satisfied when a non-resident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In assessing whether a Court may exercise personal jurisdiction over a defendant, courts distinguish between "general" and "specific" personal jurisdiction. General jurisdiction exists if a defendant conducts business in the forum in a "continuous and systematic manner." *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If general jurisdiction is found, the court may exercise jurisdiction over any cause of action, even if unrelated to the defendant's activities in the state. If, however, a non-resident defendant's contacts with Massachusetts are not sufficiently substantial, continuous and systematic to support general jurisdiction, the nature and quality of the forum-related activities must jurisdiction must be established pursuant to the two-part test for specific personal jurisdiction as set forth in Massachusetts' long-arm statute.

---

Plaintiff in its Verified Complaint on their face demonstrate the absence of personal jurisdiction against the Rack Room.

3

### B. Plaintiff Cannot Establish That This Court Has Personal Jurisdiction Over Rack Room VA.

Federal powers are limited to persons over whom the Court has jurisdiction. *See Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) ("It is axiomatic that, '[t]o hear a case, a court must have personal jurisdiction over the parties, that is, the power to require the parties to obey its decrees.' (citations omitted))".

#### 1. Plaintiff Cannot Establish General Jurisdiction over Rack Room VA.

Rack Room VA has never sought authorization to do business nor engaged in business within Massachusetts, has never had an agent for service of process in the Commonwealth, and has never had an employee based in Massachusetts or owned any personal or real property there. Plaintiff has not and cannot allege otherwise. Plaintiff, therefore, cannot maintain that Rack Room VA has the volume of activities in Massachusetts that would satisfy the volume necessary to establish general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (holding that defendants did not have the kind of "continuous and systematic general business contacts" necessary for general jurisdiction).

Moreover, Plaintiff cannot rely on Rack Room VA's alleged licensing of trademarks to a related entity, Defendant Rack Room, Inc., that has obtained a certificate of registration to conduct business in Massachusetts, and is currently conducting business in the state, to establish this Court's general jurisdiction over Rack Room VA. *See Boston Scientific Corp. v. Bonzel*, 132 F.Supp.2d 45, 50 (D. Mass. 2001) (actions of licensee with state does not establish jurisdiction over licensor; *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361-62 (Fed. Cir. 1998).

4

Plaintiff, therefore, can establish this Court's personal jurisdiction over Rack Room VA, only by demonstrating the fulfillment of the requirements for specific jurisdiction established under Massachusetts' long-arm statute and the Due Process Clause.

**2.      Plaintiff Cannot Establish Specific Jurisdiction over Rack Room VA.**

To satisfy the personal jurisdiction requirements of the long-arm statute, therefore, Plaintiff must demonstrate that (1) Rack Room VA transacted business in Massachusetts and (2) Plaintiff's claim arose from Rack Room VA's business transactions in the Commonwealth. *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 714 (1st Cir. 1996). To be specific, Plaintiff must show the existence of "a rational nexus" between Rack Room VA's purported transaction of business in Massachusetts and Plaintiff's cause of action." *See Micro Networks Corp. v. HIG Hightec, Inc. v. HIG Hightec, Inc.*, 195 F.Supp.2d 255, 262 (D. Mass. 2001) (applying the long-arm statute to determine whether the cause of action "arose from [defendant's] activities").

Here, Plaintiff, a New Hampshire corporation, claims that Rack Room VA, operating in North Carolina, is liable to it based solely on its conduct in pursuing trademark registrations for a variety of trademarks, including EASY STREET, that were to be used in connection with the sale of Deichmann shoes by Rack Room Shoes, Inc. outside the Commonwealth of Massachusetts. ¶¶ 17, 22-25, 45, 48. On their face, such allegations are woefully inadequate to establish specific jurisdiction over Rack Room VA. Plaintiff simply cannot establish that Rack Room VA engaged in any business in Massachusetts – let alone that that Plaintiff's claim arose from such conduct in Massachusetts.

Moreover, Plaintiff has failed to plead any facts sufficient to establish that Rack Room VA has purposely established minimum contacts with Massachusetts sufficient to establish jurisdiction under the Due Process Clause. *See Burger King v. Rudzewicz*, 471 U.S. 462, 474

5

(1985) ("[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposely established 'minimum contacts' in the forum state.'").  The absence of any mention of Rack Room VA's involvement in business transacted in Massachusetts is telling, but not surprising.  Plaintiff cannot claim that Rack Room VA has purposely availed itself of the privilege of conducting activities within Massachusetts sufficient to establish personal jurisdiction, even if Plaintiff could prove that its claim directly arose from such conduct within the commonwealth.  *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### III.    CONCLUSION

In accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure, therefore, specially appearing Defendant Rack Room VA respectfully requests that the Court dismiss Plaintiff's Complaint with respect to Rack Room VA for failure to establish personal jurisdiction.

DATED:  December 22, 2009                    Respectfully submitted,

                                                                              RACK ROOM SHOES OF VIRGINIA, LLC,

By its attorneys,

/s/ R. David Hosp
R. David Hosp (BBO# 634091)
Mark S. Puzella (BBO# 644850)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
T: (617) 570-1000
F: (617) 523-1231
rhosp@goodwinprocter.com
mpuzella@goodwinprocter.com

and

William Rudy (*pro hac vice* pending)
Lathrop & Gage, LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108
wrudy@lathropgage.com
T: (816) 292-2000

Bridget Short (*pro hac vice* pending)
Lathrop & Gage, LLP
230 Park Avenue, Suite 1847
New York City, NY  10169
bshort@lathropgage.com
T: (212) 850-6229

John Shaeffer (*pro hac vice* pending)
Lathrop & Gage, LLP
1880 Century Park East, Suite 1000
Los Angeles, CA  90067
jshaeffer@lathropgage.com
      T: (310) 789-4600

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2009.

    /s/   R. David Hosp

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have spoken with counsel for Plaintiffs by telephone on December 22, 2009 in a good faith attempt to resolve or narrow the issues presented in this motion.

    /s/ John Shaeffer