UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARM STEP/EASY STREET SALES CORPORATION,<br><br>             Plaintiffs,<br><br>    v.<br><br>RACK ROOM SHOES, INC.<br>       and<br>RACK ROOM SHOES OF VIRGINIA, LLC<br>       and<br>HEINRICH DEICHMANN-SCHUHE GmbH & Co. KG<br><br>             Defendants. | Case No. 1:09-CV-11787-RGS<br>. |

**DEFENDANT RACK ROOM SHOES, INC.'S MOTION TO DISMISS AND/OR STRIKE
AND SUPPORTING MEMORANDUM OF LAW**

NOW COMES Defendant Rack Room Shoes, Inc. ("Rack Room"), respectfully requesting that the Court dismiss of the Third and Fifth Claims for Relief, Trademark Dilution (M.G.L. c. 110B. §§ 11 & 12) and Unfair Competition (M.G.L. c. 93A and Massachusetts Common Law), respectively, and strike the state law portions of the First Claim for Relief, "Common-Law Trademark Infringement / Violation of 15 U.S.C. §1125(a)(1)(A)," by Plaintiff Charm Step/Easy Street Sales Corporation ("Charm Step") as to Rack Room under Federal Rule of Civil Procedure 12(f).  In the First, Third, and Fifth Claims for Relief, Charm Step improperly seeks to impose liability on Rack Room based upon Massachusetts law when neither the alleged harm suffered by Charm Step nor the alleged conduct by Rack Room causing the harm occurred in Massachusetts.  Thus, Charm Step fails to state a claim upon which relief can be granted.

I.   **FACTUAL ALLEGATIONS**

Plaintiff Charm Step alleges that it is a corporation organized and existing under New Hampshire law and with its principal place of business in New Hampshire.[1]  Verified Complaint ("Comp.") ¶ 1.  Further, Charm Step alleges that Rack Room is a corporation organized and existing under North Carolina law with its principal place of business in North Carolina.  ¶ 2.  Rack Room wholly owns a subsidiary, Defendant Rack Room Shoes of Virginia, LLC ("Rack Room Virginia"), organized under Delaware law and with a principal place of business in North Carolina.  ¶¶ 3, 5.

Plaintiff Charm Step further alleges that, in August 2009, Rack Room registered with Cobb County, Georgia to do business in the county under the name "Deichmann".  ¶ 37.  The first Deichmann store in the United States opened the following month in Kennesaw, Georgia.  ¶ 37.  According to Plaintiff's complaint, one of its representatives visited the Deichmann store in Georgia in October 2009 and purchased footwear bearing the allegedly infringing trademark at issue in this case.  Comp. ¶ 48.

Although Rack Room sought and obtained a foreign corporation certificate of registration in Massachusetts in August 2009, Plaintiff acknowledges in the Verified Complaint that Rack Room has no retail branches in Massachusetts.  Comp. ¶¶ 38-39.  In its complaint, Plaintiff

---

[1] The factual allegations set forth below are taken from Plaintiff's Verified Complaint and all paragraph citations are to that complaint.  Consistent with the governing standards for motions to dismiss and for the limited purpose of this Motion, Rack Room assumes Plaintiff's factual allegations are true, to the extent they are not legal conclusions couched as fact.  *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

admits that "to date, Rack Room Shoes, Inc. has no branches north of New Jersey."[2] Comp. ¶ 47.

In addition to its federal claims against Rack Room based on the alleged improper use of the EASY STREET mark, Plaintiff has brought claims against Rack Room for "common law infringement and unfair competition under the federal law and state laws of Massachusetts" (¶ 52); Trademark Dilution and Violation of M.G.L. c. 110B, §§ 11 & 12 (¶¶ 65-70), Unfair Competition, M.G.L. c. 93A and Massachusetts Common Law (¶¶ 76-83).

## II.     DISCUSSION

### A.     Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Gorski v. New Hampshire Dept. of Corrections,* 290 F.3d 466, 473 (1st Cir. 2002). When reviewing a motion to dismiss, the Court must view the facts alleged in the complaint to be true. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). To survive a motion to dismiss for failure to state a claim, the plaintiff must plead facts that raise a right to relief above the speculative level. *Dixon v. Shamrock Financial Corp.*, 522 F.3d 76, 79 (1st Cir. 2008). Similarly, a cause of action cannot be stated simply through "formulaic recitations of the elements of the cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a challenge under Rule 12(b)(6), a complaint must contain "enough facts to state a claim for relief that is ***plausible on its face***." *Id*. (emphasis added).

---

[2] Since the filing of the complaint, Rack Room has opened two stores in Massachusetts under the Deichmann name. Neither of these stores, however, have sold any of the accused shoes.

B.  **Plaintiff Fails To State A Claim Upon Which Relief Can be Granted With Regard To Its Third and Fifth Claims for Relief And The State Law Claims In Its First Cause Of Action.**

Under basic and longstanding principles of American jurisprudence, Charm Step cannot subject Rack Room to liability under Massachusetts law when the allegations of its complaint demonstrate that neither the alleged injury nor the alleged conduct by Rack Room causing that injury took place in the Commonwealth of Massachusetts. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003) (a state may not legitimately "punish a defendant for unlawful acts committed outside of the State's jurisdiction"); *Bigelow v. Virginia*, 421 U.S. 809, 824 (1975) (Virginia legislature could not by passing statute regulate advertiser or proscribe its conduct in New York); see *also New York Life Ins. Co. v. Head*, 234 U.S. 149, 161, 34 S.Ct. 879, 58 L.Ed. 1259 (1914) (holding that apart from state imposing, as the condition for a license to do business within its borders, a requirement to conduct oneself in particular way when conducting business within the State, to impose extraterritorial obligations "would be held repugnant to the Constitution").

Because of the basic principle that no state can exercise authority over persons or property outside its own territory unless necessary to control property within its territory or protect the rights of that state's citizens, "any attempt 'directly' to assert extraterritorial jurisdiction over persons or property would offend sister States and exceed the inherent limits of the State's power." *See Shaffer v. Heitner*, 433 U.S. 186, 197-198 (1977). *See also Philip Morris, Inc. v. Reilly*, 267 F.3d 45, 62 -63 (1st Cir. 2001) (when a state statute is used to regulate "commerce occurring wholly outside the state's borders or when it has a practical effect of requiring out-of-state conduct to be carried on according to in-state terms, it will be invalid."). Nevertheless, in spite of these long-held principles, Plaintiff seeks to impose liability on Rack

3

Room for trademark dilution and unfair competition under Massachusetts statutory law. ¶¶ 65-70 and ¶¶ 76-83.

Specifically, Charm Step, a New Hampshire Corporation whose principal place of business is in New Hampshire, cannot sustain a cause of action against Rack Room, a North Carolina corporation, under Massachusetts law when it has not – and cannot – allege that the alleged wrongful conduct took place in Massachusetts. On the face of the complaint, no plausible reading of Charm Step's allegations could conclude that Rack Room, which "has no branches in Massachusetts" and indeed "no branches north of New Jersey", sold any shoes in Massachusetts – let alone that those shoes bore the mark at issue. ¶¶ 39, 47.

Because it cannot demonstrate that its "cause of action arose from [Defendants'] transacting business in Massachusetts," Charm Step's Third and Fifth Claim for Relief based on commonwealth law cannot survive. *Micro Networks Corp. v. HIG Highteck, Inc.*, 195 F.Supp.2d 255, 262 (D.Mass. 2001); *Philip Morris,* 267 F.3d at 62 -63 (application of state statute with practical effect of requiring out-of-state conduct to be carried on according to in-state terms is invalid.). Because Charm Step has not and cannot allege facts to support a claim that Rack Room has sold a single pair of shoes bearing the EASY STREET mark in the Commonwealth of Massachusetts or that Charm Step's alleged injury took place in Massachusetts, its claim for relief is not plausible and fails as a matter of law. *See Twombly*, 550 U.S. at 555 (holding that a complaint must contain "enough facts to state a claim for relief that is plausible on its face" to survive a challenge under FRCP 12(b)(6)). Plaintiff's Third and Fifth Claims for Relief, therefore, should be dismissed.

### C. Plaintiff's Inclusion of State Law Claims in Its First Claim for Relief Must be Stricken under Rule 12(f).

In its First Claim for Relief, Plaintiff conflates its claims for relief under state and federal law and asserts that the alleged acts of Rack Room (and the other defendants) "constitutes [sic] statutory and common law infringement and unfair competition under the federal law and laws of Massachusetts". ¶ 52.  For the same reasons set forth above, to the extent that Plaintiff's first Claim for Relief seeks to impose liability under Massachusetts statutory and common law, such claims are barred just as its Third and Fifth Claims for Relief.  *See Head*, 234 U.S. at 161 (rejecting imposition of liability of state law for injury suffered outside state caused by conduct occurring outside state); *Philip Morris,* 267 F.3d at 62 -63.

Even if Plaintiff's federal claims are supported by the allegations set forth in the complaint, rendering dismissal of the First Claim for Relief under Rule 12(b)(6) unavailable, its claims based on Massachusetts law incorporated into that Claim for Relief are subject to being stricken under Rule 12(f) of the Federal Rules of Civil Procedure. On their face, an allegation that purported conduct violates Massachusetts law is immaterial when no claim for relief is available under Massachusetts law.  *See* FED.R.CIV.PROC. 12(f) ("The court may strike from a pleading … any redundant, *immaterial*, impertinent, or scandalous matter") (emphasis added).

## III.   CONCLUSION

Rack Room, therefore, respectfully requests that the Court dismiss Plaintiff Charm Step/Easy Street's Third and Fifth Claims for Relief and strike the state law portions of its First Claim for Relief.

DATED:  December 22, 2009          Respectfully submitted,

                                                                                RACK ROOM SHOES, INC.,

                                                                                By its attorneys,

/s/ R. David Hosp
R. David Hosp (BBO# 634091)
Mark S. Puzella (BBO# 644850)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
T: (617) 570-1000
F: (617) 523-1231
rhosp@goodwinprocter.com
mpuzella@goodwinprocter.com

and

William Rudy (*pro hac vice* pending)
Lathrop & Gage, LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108
wrudy@lathropgage.com
T: (816) 292-2000

Bridget Short (*pro hac vice* pending)
Lathrop & Gage, LLP
230 Park Avenue, Suite 1847
New York City, NY  10169
bshort@lathropgage.com
T: (212) 850-6229

John Shaeffer (*pro hac vice* pending)
Lathrop & Gage, LLP
1880 Century Park East, Suite 1000
Los Angeles, CA  90067
jshaeffer@lathropgage.com
T: (310) 789-4600

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2009.

                   /s/   R. David Hosp

## **LOCAL RULE 7.1 CERTIFICATION**

  I hereby certify that I have spoken with counsel for Plaintiffs by telephone on December 22, 2009 in a good faith attempt to resolve or narrow the issues presented in this motion.

                   /s/ John Shaeffer

7